FILED'11 MAY 23 09:25USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DESAUTEL,                          Civil No. 10-430-AA
                                         OPINION AND ORDER
        Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

Tim Wilborn
Wilborn Law Offices, P.C.
P.O. Box 2768
Oregon City, Oregon 97405
    Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

Brett E. Eckelberg
Special Assistant U.S. Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A

PAGE 1 - OPINION AND ORDER

Seattle, Washington 98104
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff, James Desautel, brings this action pursuant to
the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain
judicial review of a final decision of the Commissioner.   The
Commissioner denied plaintiff's applications for Title II
disability insurance benefits (DIB) and Title XVI supplemental
security income (SSI) disability benefits under the Act.   For the
reasons set forth below, the Commissioner's decision is reversed
and remanded for the payment of benefits.

## PROCEDURAL BACKGROUND

On April 10, 2007, plaintiff protectively filed applications
for both DIB and SSI.   Tr. 129-36.   After the applications were
denied initially and upon reconsideration, plaintiff timely
requested a hearing before an administrative law judge (ALJ).
Tr. 88-96.   On May 20, 2009, an ALJ hearing was held before the
Honorable Patricia Hartman.   Tr. 17-47.   On July 10, 2009, ALJ
Hartman issued a decision finding plaintiff not disabled within
the meaning of the Act.   Tr. 55-62.   After the Appeals Council
declined to review the ALJ decision on February 18, 2010,
plaintiff filed a complaint in this Court.   Tr. 1-4.

## STATEMENT OF THE FACTS

Born on December 5, 1955, plaintiff was 50 years old on the
alleged onset date of disability, and 53 years old at the time of
the hearing.   Tr. 129, 21.   Plaintiff graduated from high school.
Tr. 22.   Plaintiff has past relevant work experience as a

PAGE 2 - OPINION AND ORDER

delivery driver, laborer, fabric warehouse packer, and electrical panel technician.  Tr. 151.  He alleges disability beginning June 30, 2006 due to degenerative disc disease, acute lower back pain, and situational depression.  Tr. 205.

A third-party witness, Ms. Christina Walsh, prepared a Third-Party Adult Function Report and testified at the hearing. Tr. 38-9, 157-64.  A vocational expert (VE) also testified at the hearing.  Tr. 40-46.  The VE opined that there were sedentary or light exertion jobs available in the local economy which plaintiff could perform.  Tr. 43.  However, when asked to assume that plaintiff's testimony relative to his limitations were credible, the VE testified that the claimant would not be able to perform any of the sedentary or light exertion jobs identified. Tr. 43.  In addition, when asked if missing two days of work would preclude sustained employment, the VE responded yes.  Tr. 46.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and

PAGE 3 - OPINION AND ORDER

detracts from the Secretary's conclusions." Martinez v. Heckler,
807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to
establish disability. Howard v. Heckler, 782 F.2d 1484, 1486
(9th Cir. 1986). To meet this burden, plaintiff must demonstrate
an "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which can be expected . . . to last for a continuous
period of not less than 12 months. . . ." 42 U.S.C.
§ 423(d)(1)(A).

The Secretary has established a five-step sequential process
for determining whether a person is disabled. Bowen v. Yuckert,
482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First
the Secretary determines whether a claimant is engaged in
"substantial gainful activity." If so, the claimant is not
disabled. Yuckert, 482 U.S. at 140; 20 C.F.R.
§§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant
has a "medically severe impairment or combination of
impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.
§§ 404.1520(c), 416.920(c). If not, the claimant is not
disabled.

In step three the Secretary determines whether the
impairment meets or equals "one of a number of listed impairments
that the Secretary acknowledges are so severe as to preclude
substantial gainful activity." Id.; see 20 C.F.R.

PAGE 4 - OPINION AND ORDER

§§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively
presumed disabled; if not, the Secretary proceeds to step four.
Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant
can still perform "past relevant work."  20 C.F.R.
§§ 404.1520(e), 416.920(e).  If the claimant can work, he is not
disabled.  If he cannot perform past relevant work, the burden
shifts to the Secretary.  In step five, the Secretary must
establish that the claimant can perform other work.  Yuckert, 482
U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) &
(f).  If the Secretary meets this burden and proves that the
claimant is able to perform other work which exists in the
national economy, he is not disabled.  20 C.F.R. §§ 404.1566,
416.966.

### DISCUSSION

### I.  The ALJ's Findings

At step one of the five step sequential evaluation process
outlined above, the ALJ found that plaintiff had not engaged in
substantial gainful activity since the alleged onset date.  Tr.
57, Finding 2.  At step two, the ALJ found that plaintiff had the
following severe impairment: degenerative disc disease with low
back pain.  Tr. 57, Finding 3.  At step three, the ALJ found that
plaintiff's impairment did not meet or equal the requirements of
a listed impairment.  Tr. 58, Finding 4.

The ALJ determined that plaintiff had the residual
functional capacity (RFC) to perform light work.  Tr. 58, Finding

PAGE 5 - OPINION AND ORDER

5.   Plaintiff was limited to work that would not require climbing ladders, ropes or scaffolds, and would require only occasional climbing of stairs, kneeling, crouching, crawling, bending, twisting, and stooping.  Id.  In addition, plaintiff was restricted from dealings with foot controls, dangerous unprotected machinery, unprotected heights, or vibrating tools. Id.

At step four, the ALJ decided that plaintiff was able to perform his past relevant work as a silicon wafer, packer, and truck delivery person.  Tr. 61, Finding 6.  Accordingly, at step five, the ALJ found that plaintiff was not disabled.  Tr. 61, Finding 7.

## II.   Plaintiff's Allegations of Error

Plaintiff alleges that the ALJ erred by: 1) failing to provide clear and convincing reasons for finding plaintiff's testimony not credible; 2) improperly evaluating the medical evidence; 3) determining plaintiff's impairment did not meet or equal Listing 1.04: Disorders of the Spine, 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 1.04; 4) finding that plaintiff could perform past relevant work; 5) failing to address the third-party testimony; and 6) failing to fully develop the record with regard to plaintiff's mental impairments.

### A.   Plaintiff's Credibility

Plaintiff asserts that the ALJ erred by failing to provide clear and convincing reasons for rejecting his testimony regarding the extent of his impairments.  Pl.'s Br. at pg. 15.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ may reject [his] testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996)(internal quotation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947 (9th Cir. 2002). A general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

Before addressing plaintiff's first allegation of error, a preliminary issue must be addressed. Plaintiff initially alleged that his disability was due to pain caused by an on-the-job back injury sustained in 1992. However, plaintiff's medical records, from 1993 on, indicate that plaintiff's ongoing pain is instead due to the natural progression of a degenerative disc disease. See Tr. 235. I find that the error was harmless because, either way, plaintiff's claim for disability is based on back pain, and as such the error is nonprejudicial to the plaintiff. Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (mistakes that are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" are harmless error).

Moving to plaintiff's credibility determination, plaintiff testified he has "severe low back pain, wherein moving, twisting, bending, and lifting put it into spasm." Tr. 59, 27-30. Plaintiff also stated that "he can only walk one-half block; stand for 10-15 minutes, sit for 15 minutes . . .[and that] the pain radiates through his hips and down his legs." Id. As such, plaintiff said that his daily activities were very limited, and his sleep disturbed. Tr. 31-32. Plaintiff further testified that "he visits the doctor every three months . . .[but] that his pain is becoming worse." Tr. 59, 27-30.

The ALJ determined that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but that his statements regarding the extent of these symptoms were not credible. Tr. 59-61.

Specifically, the ALJ found that plaintiff's testimony regarding his pain "borders on exaggeration, since the evidence does not support such susceptibility and vulnerability." Tr. 60. The ALJ determined plaintiff's testimony was inconsistent with a light-level RFC. Id. The ALJ cited to medical evidence from 1993, in which Dr. Rotter opined that plaintiff's activities were only mildly limited after his 1992 injury. Id. The ALJ reasoned that, being only mildly limited, plaintiff should be able to lift "10 pounds frequently and 20 pounds occasionally" and perform occasional "bending, twisting, crawling, etc." Id. Thus, it appears as though the ALJ relied on plaintiff's period of mild limitation, nearly 20 years ago, to discount his testimony

PAGE 8 - OPINION AND ORDER

regarding his current limitations.  However, because the medical
evidence indicates that plaintiff's condition is one which
worsens over time, discussed in greater detail below, his level
of activity in 1993 has little bearing on today's disability
assessment.  Therefore, I find that the ALJ's credibility
determination was not based on substantial evidence.

The ALJ, however, discounted plaintiff's testimony regarding
the extent of his impairments for an additional reason.  In a
questionnaire submitted by a worker's compensation insurer,
Liberty Northwest Mutual, to Dr. Coletti in 2007, the insurer
noted an inconsistency in plaintiff's reported work history: "Mr.
Desautel now gives a different work history from the one
referenced in your December report, namely that he had been
working until 2006, whereas he told his chiropractor on 10-12-07
that he had last worked in 1996 . . ."  Tr. 60, 319.
Inconsistencies in a plaintiff's testimony can serve as a basis
for discrediting it.  Burch v. Barnhart, 400 F.3d 676, 680 (9th
Cir. 2005).  Noting the inconsistencies in plaintiff's testimony
regarding his work history, the ALJ concluded "Dr. Coletti's
theory of 'pathological advancement' of the claimant's back
condition seems to corroborate Dr. Webster's report of poor
effort, suggesting a non-organic cause of pain and a resultant
lack of credibility."  Tr. 61.

However, the ALJ misconstrued the record.  First, in the
chiropractic report from Dr. Fish, dated October 12, 2007,
plaintiff reported a work history as follows: "He applied for

PAGE 9 - OPINION AND ORDER

social security and had been out of work since 1996.  He has been
denied since.  He has reinjured himself parking cars for a job in
June of 2006."  Tr. 376.  Thus, plaintiff reported working until
2006.  As such, plaintiff's reported work history appears
consistent throughout, and as such, cannot in this case serve as
a basis to discount his credibility.

Second, at no time did Dr. Coletti opine that plaintiff's
back condition had been pathologically advanced.  Rather, Dr.
Coletti stated the contrary: "I have no objective basis for
concluding that the work event aggravated, enhanced, or
accelerated pathological changes in his lumbar spine any more
than sedentary activities would have done."  Tr. 319.  Dr.
Coletti's statement merely suggests that plaintiff's limitations
were not related to an injury, but rather caused by his
progressive, degenerative spinal condition.  Tr. 318-9.
Therefore, it is impossible to read Dr. Coletti's revised report
from 2008 as corroborating Dr. Webster's report of poor effort.

Accordingly, I find that the ALJ failed to provide clear and
convincing reasons for rejecting plaintiff's testimony.  Contrary
to the ALJ's opinion, plaintiff's back condition has worsened
over time, and as such, Dr. Rotter's report from 1993 is
unpersuasive.  Further, plaintiff's testimony regarding his work
history is consistent.  As such, the record supports plaintiff's
testimony that his activities are limited and accomplished with
difficulty.

When an ALJ improperly rejects a plaintiff's testimony

PAGE 10 - OPINION AND ORDER

regarding limitations and the plaintiff would deem to be disabled if the testimony were credited, the court "will not remand solely to allow the ALJ to make specific findings regarding that testimony." Varney v. Secretary of Health & Human Services, 859 F.2d 1396, 1401 (9th Cir. 1988). Therefore, I credit plaintiff's testimony as a matter of law. Id.

B. Evaluation of the Medical Evidence

Plaintiff also alleges that the ALJ erred by providing legally insufficient reasons for rejecting the opinions of his primary, treating physician, Leonard Mankin M.D., and consulting physician, Daniel Gibbs, M.D. Pl.'s Br. at pg. 12-15.

There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "[G]reater weight is afforded to the opinion of a treating physician then to that of [a] non-treating physician, because the treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual." Ramirez v. Shalala, 8 F.3d 1449, 1453 (9th Cir. 1993)(internal quotation omitted). A treating physician's opinion is controlling when it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other evidence of record. 20 C.F.R. § 404.1527(d)(2). When the treating physician's opinion is uncontroverted, the ALJ must give "clear and convincing reasons" before rejecting the opinion. Lester, 81 F.3d at 830. When the

PAGE 11 - OPINION AND ORDER

treating physician's opinion is disputed, the ALJ must give "specific and legitimate reasons" before rejecting the opinion. Id.

### 1. Dr. Gibbs

Plaintiff argues that the ALJ's rejection of Dr. Gibbs' opinion, in favor of reliance on Dr. Webster's opinion, was improper because objective medical evidence supports Dr. Gibbs' opinion.

Dr. Webster examined plaintiff once in 2007 for 25 minutes. Tr. 221-6. The exam notes indicate that Dr. Webster spent the majority of that time examining physical aspects which have no bearing on plaintiff's disability. Id. Still, Dr. Webster opined that plaintiff had no work related limitations. Tr. 225-6. Based on Dr. Webster's findings, the ALJ determined that plaintiff could return to his past relevant work, and as such, was not disabled. Tr. 61.

Subsequent to his exam with Dr. Webster, plaintiff had an MRI. This 2008 MRI revealed severe degenerative disc disease, stenosis, and spinal arthritis. Tr. 305-7. Dr. Gibbs examined plaintiff after the 2008 MRI, thereby incorporating this evidence. Dr. Gibbs opined that plaintiff's "pain is authentic and I can't imagine that he will be able to work given the longstanding back problems that have only worsened with time." Tr. 349. The ALJ rejected Dr. Gibbs' opinion in the context of discussing plaintiff's work history and worker's compensation claim, and accepting instead the opinion of Dr. Webster. Tr. 60.

PAGE 12 - OPINION AND ORDER

A physician's opinion of the level of impairment may be rejected if it is unreasonable in light of the other evidence. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). For example, if Dr. Gibbs' opinion was uncorroborated by objective medical evidence, it would be proper for the ALJ to discount his opinion regarding plaintiff's level of impairment. I find, however, that the medical evidence fully supports Dr. Gibbs' findings.

Further, when another doctor, Dr. Coletti, who had examined plaintiff in 2007 and also concluded that plaintiff's pain was "non-organic," was confronted with this new evidence, he revised his opinion. Compare Tr. 325 and Tr. 318. In an addendum to his 2007 report, Dr. Coletti opined that the 2008 MRI revealed a clear basis for plaintiff's pain. Tr. 318. Unlike Dr. Coletti, Dr. Webster was never asked to review the additional medical evidence and determine whether those findings would prompt him to re-assess the cause of plaintiff's pain.

Upon a thorough review of the record, I find that the ALJ failed to cite any evidence after the 2008 MRI that controverts Dr. Gibbs' opinion regarding plaintiff's physical capacity for work. As such, I find that Dr. Gibbs' opinion of plaintiff's level of impairment is reasonable based upon the complete record. Morgan, 169 F.3d at 601. Moreover, because I find that Dr. Webster's opinion is not supported by the complete record, it does not serve as a proper reason for the ALJ to discount the opinion of Dr. Gibbs. Therefore, I find that the ALJ erred by

PAGE 13 - OPINION AND ORDER

failing to provide adequate reasons for rejecting the opinion of
Dr. Gibbs.

### 2.   Dr. Mankin

Plaintiff argues that the ALJ erred by failing to address or
give sufficient weight to Dr. Mankin's opinion.  Pl.'s Br. at pg.
13.  Dr. Mankin had been plaintiff's primary, treating physician
for approximately one year at the time of the hearing.  Tr. 390.
Dr. Mankin found plaintiff's pain to be severe enough to
prescribe Flexeril to prevent muscle spasms and Vicodin to manage
pain.  Tr. 390-99.  In addition, Dr. Mankin completed a
handicapped parking placard for plaintiff due to plaintiff's
limited mobility, specifically his inability to walk more than
100 yards without severe pain.  Tr. 395, 418.

The ALJ mentioned Dr. Mankin, but only in regard to
plaintiff's mental state.  Tr. 61.  The ALJ merely alluded to Dr.
Mankin's "40 minute session" with plaintiff, indicating that 40
minutes was inadequate to form a valid medical opinion about
whether plaintiff was clinically depressed.  Id.  However,
plaintiff was not seeing Dr. Mankin for treatment of depression;
rather, the record indicates that plaintiff sought treatment from
Dr. Mankin for his back pain.  Tr. 390-99.  The ALJ seemed to
ignore this fact.  Tr. 61.

As plaintiff's treating physician, Dr. Mankin's opinion is
controlling if supported by medical evidence.  20 C.F.R. §
404.1527(d)(2).  As discussed in the previous section, objective
medical evidence in the record supports Dr. Mankin's opinion.

PAGE 14 - OPINION AND ORDER

Further, because Dr. Mankin's assessment was the most recent and
based upon additional evidence, I find it reasonable to read his
opinion as consistent with any earlier doctors who had differing
opinions based on an incomplete record.  Accordingly, the ALJ
should have provided "clear and convincing reasons" for rejecting
Dr. Mankin's opinion.  Lester, 81 F.3d at 830.  Even supposing
Dr. Mankin's opinion is read as inconsistent with that of other
doctors, the ALJ should have at least articulated "specific and
legitimate reasons" for discounting the opinion.  Id.  The ALJ
failed completely to address the opinion of Dr. Mankin.
Therefore, I find that the ALJ erred by failing to provide
adequate reasons for rejecting Dr. Mankin's opinion.

### 3.  Crediting the Opinions of Drs. Mankin and Gibbs

Where, as here, the ALJ fails to provide adequate reasons
for rejecting the opinions of a treating or examining physician,
that opinion must be credited "as a matter of law." Lester, 81
F.3d at 834 (internal quotation omitted).  Therefore, this Court
credits Dr. Mankin's opinion that plaintiff's degenerative disc
disease was severe and that his primary symptoms were extreme
pain in the back, hips, and legs causing him limited mobility.
Further, this Court credits the opinion of Dr. Gibbs in that
plaintiff's pain is authentic and that his condition will worsen
with time.  Based on these opinions and the testimony of the
Vocational Expert (VE), I find plaintiff unable to engage in past
relevant work and unable to perform other work as it exists in
the national economy.

PAGE 15 - OPINION AND ORDER

Moreover, I apply the following factors to decide whether this case should be remanded for payment of benefits.  They are:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000).  Based upon application of these factors, I find that it is appropriate to remand this case for payment of benefits.  As such, this Court declines to discuss plaintiff's other allegations of error.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore, reversed and remanded for the payment of benefits.  This case is dismissed.

IT IS SO ORDERED.

Dated this 20th day of May 2011.


_____
Ann Aiken
United States District Judge

PAGE 16 - OPINION AND ORDER